

U.S. Department of Justice

United States Attorney
District of Minnesota

| | |
|---|---|
| *600 United States Courthouse* | *Telephone: (612) 664-5600* |
| *300 South Fourth Street* | *Fax: (612) 664-5787* |
| *Minneapolis, MN 55415* | |

August 31, 2023

Honorable Nancy E. Brasel
United States District Court Judge

Re: *United States v. Abdiaziz Farah et al.*, 22 CR 124 (NEB/TNL)
*United States v. Aimee Bock et al.*, 22 CR 223 (NEB/TNL)
*United States v. Qamar Hassan et al.*, 22 CR 224 (NEB/TNL)
*United States v. Liban Alishire et al.*, 22 CR 222 (NEB/TNL)
*United States v. Sharmarke Jama et al.*, 22 CR 225 (NEB/TNL)
*United States v. Haji Salad et al.*, 22 CR 226 (NEB/TNL)
*United States v. Mekfira Hussein et al.*, 22 CR 277 (NEB/TNL)
*United States v. Mohamed Noor*, 22 CR 293 (NEB/TNL)
*United States v. Ayan Abukar*, 23 CR 80 (NEB/TNL)
*United States v. Sharon Ross*, 23 CR 82 (NEB/TNL)

Dear Chambers:

Pursuant to the Court's August 10, 2023 order, the government has met and conferred with defense counsel in the above-captioned cases, each of which relates to the Feeding Our Future fraud scheme. The government has reached out to approximately fifty defense counsel. As to some issues, the government and the majority of defense counsel are in agreement. Perhaps unsurprisingly, total agreement could not be reached.

Defense counsel have requested a range of trial start dates, from January 2024 to December 2024. Some defense counsel disagree with the government's proposed trial plan but have not made a counterproposal. Other counsel have not responded to the government. That said, the government urges the Court to adopt the below proposal, which provides for trials to proceed in an orderly manner designed to give counsel sufficient time to prepare, while also pushing the cases ahead to trial. The government believes this plan is agreeable to the majority of defense counsel.

The government believes that the largest cases should be tried first. In the government's experience, trying the largest case first is the most efficient way to manage numerous related cases, and also means that the largest number of defendants will proceed

to trial first. (It is also the government's experience that the results of the first trial will inform plea negotiations and potential resolutions for the remaining defendants.)

The two largest cases are *United States v. Abdiaziz Farah et al.*, 22 CR 124 (NEB/TNL) and *United States v. Aimee Bock et al.*, 22 CR 223 (NEB/TNL). The government proposes that the first case to proceed to trial is *United States v. Abdiaziz Farah et al.*, 22 CR 124 (NEB/TNL), and that trial should be scheduled to begin on April 1, 2024. The government encourages the Court to make this a "hard" trial date that all parties should expect will not be moved.

Counsel in that case agree that the *Farah* trial should be the first of the related cases to proceed to trial, but they have not reached an agreement as to when trial should begin. Defendants Abdimajid Nur, Said Farah, Abdiwahab Aftin, Mukhtar Sharif, and Hayat Nur join in the government in requesting an April 1 trial date (and detailed their own concerns about an earlier trial date in their submission to the Court). Defendants Abdiaziz Farah, Mohamed Ismail, and Mahad Ibrahim request that trial be scheduled on January 8, 2024. The government expects trial to last 3 to 4 weeks.

The parties generally agree that the second case to proceed to trial should be *United States v. Aimee Bock et al.*, 22 CR 223 (NEB/TNL). The government proposes that trial begin on June 10, 2024, which provides the defense with more than nine months from today's date (a total of 21 months after indictment) to prepare for trial. Defendants request that trial begin in Fall 2024, without specifying a proposed date. The government anticipates that trial will last 3 to 4 weeks.

With respect to pretrial filings, the government proposes the following dates for the trials.
- Expert disclosure 45 days before trial
    - Rebuttal experts 30 days before trial
- Govt witness and exhibit lists 30 days before trial
    - Defense witness and exhibit lists 14 days before trial
- Motions in limine, trial briefs, jury instructions 21 days before trial
    - Motion in limine responses 14 days before trial

While there is not a major disagreement, some defense counsel will likely propose their own alternative schedule for trial filings. All parties understand that the Court will set these deadlines.

With respect to the other cases, the government requests that the Court not schedule trial dates yet. Many defense counsel are in agreement with this proposal. Instead, the

August 31, 2023
Page 3

government proposes that the Court schedule status hearings on January 17, 2024, and May 3, 2024, following the trial of the first of the Feeding Our Future cases. At that time, the parties will be in a more realistic posture to say whether and when these cases should be set for trial while still leaving sufficient time for all parties to prepare for trial once the Court sets a date. If the Court does set placeholder dates for the remainder of the cases beginning in the Summer or Fall of 2024, the government respectfully requests that the Court hold status hearings in January and May to discuss whether the cases will in fact proceed to trial and set revised trial dates that work for the Court and the parties, as needed.

The Court previously scheduled trial in *United States v. Sharon Ross*, 23 CR 82 (NEB/TNL) for January 22, 2024. Because *Ross* involves a single defendant and was the last case charged among all of the related cases, and for all of the above reasons, the government does not believe the *Ross* case should proceed to trial before the other cases. For his part, defense counsel Earl Gray indicated that he would prefer to hold this trial date and try *Ross* before the other related cases.

Sincerely,

ANDREW M. LUGER
United States Attorney

BY:  */s/ Harry M. Jacobs*
JOSEPH H. THOMPSON
MATTHEW S. EBERT
HARRY M. JACOBS
CHELSEA A. WALCKER
Assistant U.S. Attorneys