UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 22-cr-226 (NEB/TNL) |
| Plaintiff, | |
| v. | **THIRD AMENDED CASE MANAGEMENT ORDER** |
| Haji Osman Salad (1), Sharmarke Issa (4), Farhiya Mohamud (5), Kawsar Jama (6), and Khadra Abdi (9), | |
| Defendants. | |

---

**Counsel for all parties are instructed to review this Order carefully and in its entirety as it represents a significant deviation from the schedules that ordinarily govern criminal cases in the District of Minnesota.**

\*\*\*

This matter comes before the Court on Defendant Kawsar Jama's Motion for Continuance of Deadlines, ECF No. 191. This matter was previously designated complex under 18 U.S.C. § 3161(h)(7)(B)(ii). *See generally* ECF No. 40.

Defendant Kawsar Jama seeks an extension of approximately seven months to file pretrial motions. Defendant Kawsar Jama's request is driven both by the volume of discovery produced in this matter and the Government's proposal that this matter not be one of the first cases brought to trial. *See generally* ECF No. 180. Defendant Kawsar Jama conferred with Defendants Haji Osman Salad, Sharmarke Issa, Farhiya Mohamud, and

1

Khadra Abdi, as well as the Government regarding the requested extension. Defendants Haji Osman Salad, Sharmarke Issa, Farhiya Mohamud, and Khadra Abdi had no objection. The Government responded that the extension sought "seemed like a long time," but neither "responded to a request for an agreeable date" nor "state[d] an objection to continuing the motions date." ECF No. 191 at 2.

In the Court's Second Amended Arraignment Notice & Case Management Order, the Court stated that "any response to . . . a [party's] request [to modify the schedule] shall be filed within three days." ECF No. 172 at 5. Defendant Kawsar Jama's motion was filed on October 23, 2023. No response was filed.

Bearing in mind the complexity of this case, the voluminous discovery, and the absence of any objection to the requested continuance, the Court finds pursuant to 18 U.S.C. § 3161(h) that the ends of justice served by granting a more limited continuance outweigh the best interests of the public and Defendants in a speedy trial and such continuance is necessary to provide Defendants and their counsel reasonable time necessary for effective preparation and to make efficient use of the parties' resources. The Court finds that an extension of approximately 90 days is appropriate under the circumstances. Therefore, **IT IS HEREBY ORDERED** that:

1. Defendant Kawsar Jama's Motion for Continuance of Deadlines, ECF No. 191, is **GRANTED IN PART** and **DENIED IN PART**.

2. The period of time from **the date of this Order through January 22, 2024**, shall be excluded from Speedy Trial Act computations in this case. *See United States v. Mallett*, 751 F.3d 907, 911 (8th Cir. 2014) ("Exclusions of time attributable to one

defendant apply to all codefendants." (quotation omitted)); *United States v. Arrellano-Garcia*, 471 F.3d 897, 900 (8th Cir. 2006) (same).[1]

3. The Court previously issued an Order on Pretrial Disclosure & Preservation, ECF No. 48, which "proactively addresses certain non-dispositive motions that are commonly filed in the District of Minnesota, which seek discovery, notice of intent to introduce certain types of evidence, preservation of rough notes, and disclosure of evidence favorable to a defendant under *Brady v. Maryland*, 373 U.S. 83 (1963), and related authorities." ECF No. 48 at 3. "These motions often seek relief that is already required by the Federal Rules of Criminal Procedure, Federal Rules of Evidence, and federal law." ECF No. 48 at 3. "To promote the efficient management of these related cases, the Court issue[d the Order on Pretrial Disclosure & Preservation] to preemptively address such matters without the need for each defendant to file multiple motions on these subjects." ECF No. 48 at 3. **Before filing any pretrial motions, a party shall consult the Order on Pretrial Disclosure & Preservation.**

4. All motions in the above-entitled case must be filed and served consistent with Federal Rules of Criminal Procedure 12(b) and 47 on or before **January 22, 2024**.[2] *See* D. Minn. LR 12.1(c)(1). Two courtesy copies of all motions and responses must be delivered directly to the chambers of Magistrate Judge Tony N. Leung.[3]

---

[1] "All defendants who are joined for trial generally fall within the speedy trial computation of the latest codefendant," *Henderson v. United States*, 476 U.S. 321, 323 n.2 (1986); *see* 18 U.S.C. § 3161(h)(7)(6) (excluding "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted"); *see also, e.g.*, *United States v. Cordova*, 157 F.3d 587, 598-99 (8th Cir. 1998).
[2] "Before filing a motion under Fed. R. Crim. P. 12(b), the moving party must confer with the responding party. The parties must attempt in good faith to clarify and narrow the issues in dispute." D. Minn. LR 12.1(b).
[3] U.S. Mail or hand-deliver to 300 South Fourth Street, Suite 9W, Minneapolis, MN 55415.

5. **Counsel must electronically file a letter on or before January 22, 2024, if no motions will be filed and there is no need for hearing**.[4]

6. All responses to motions must be filed by **March 4, 2024**. *See* D. Minn. LR 12.1(c)(2).

7. Any Notice of Intent to Call Witnesses must be filed by **March 4, 2024**. *See* D. Minn. LR. 12.1(c)(3)(A).

8. Any Responsive Notice of Intent to Call Witnesses must be filed by **March 11, 2024**. *See* D. Minn. LR 12.1(c)(3)(B).

9. A motions hearing will be held pursuant to Federal Rules of Criminal Procedure 12(c) where:

   a. The Government makes timely disclosures and a defendant identifies in the motions particularized matters for which an evidentiary hearing is necessary; or

   b. Oral argument is requested by either party in its motion, objection or response pleadings.

10. If required, the motions hearing must be heard before Magistrate Judge Tony N. Leung on **March 18, 2024, at 9:30 a.m.**, in Courtroom 9W, Diana E. Murphy United States Courthouse, 300 South Fourth Street, **MINNEAPOLIS**, Minnesota.[5] *See* D. Minn. LR 12.1(d). **The parties shall be prepared to continue the hearing into March 19, 2024, if necessary.**

---

[4] The Court understands from a prior letter that Defendant Sharmarke Issa does not intend to file pretrial motions. ECF No. 170.
[5] The Court previously excused Defendant Sharmarke Issa from the motions hearing. ECF No. 174; *see also supra* n.4.

11. **TRIAL:**

    a. **IF NO PRETRIAL MOTIONS ARE FILED BY A DEFENDANT, the following trial and trial-related dates are:**

All voir dire questions, **motions for counsel to participate in voir dire**, and jury instructions must be submitted to District Judge Nancy E. Brasel on or before **April 8, 2024**.

This case must commence trial on **April 22, 2024, at 9:00 a.m.**, before District Judge Nancy E. Brasel in Courtroom 13W, Diana E. Murphy United States Courthouse, 300 South Fourth Street, **MINNEAPOLIS**, Minnesota.

    b. **IF PRETRIAL MOTIONS ARE FILED, the trial date, and other related dates, including but not limited to motions for counsel to participate in voir dire, will be rescheduled following the ruling on pretrial motions. Counsel must contact the Courtroom Deputy for District Judge Nancy E. Brasel to confirm the new trial date.**

12. **Should a party request modification of this schedule, any response to such a request shall be filed within three days.**

13. All prior consistent orders remain in full force and effect.

[Continued on next page.]

14. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: October  31 , 2023               *s/ Tony N. Leung*
                                       Tony N. Leung
                                       United States Magistrate Judge
                                       District of Minnesota


                                       *United States v. Salad et al.*
                                       Case No. 22-cr-226 (NEB/TNL)